68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David W. KING, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 95-1527.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 13, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 David W. King, a state prisoner appearing pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. He alleges that disciplinary sanctions depriving him of "good time" credits were imposed in violation of his constitutional rights under the Due Process Clause of the Fourteenth Amendment. For the following reasons, we shall affirm.
 
 
 2
 During a routine shakedown of King's cell at the Indiana State Reformatory, prison officers uncovered two syringes in a sealed radio box at the back of his cell. The officers wrote up a Conduct Report, citing King for violation of a prison rule prohibiting possession of drug paraphernalia. Prison officials scheduled a hearing before the Conduct Adjustment Board ("CAB"). A week before the hearing, King was informed of his procedural rights before the CAB. A lay advocate accompanied King to the hearing. The CAB found him guilty of possession of drug paraphernalia, and sanctioned him by reducing his status for earning "good time" credits.
 
 
 3
 Appellees concede that King has a liberty interest in the good time credits at stake in this case. Indiana's statutory provisions permitting a shortened prison sentence resulting from good time credits, rather than the Due Process Clause itself, create this interest. Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir.), cert. denied, 115 S.Ct. 314 (1994); see also Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995). Accordingly, the sole question on appeal is whether King has received all the process due to him. We hold that he has.
 
 
 4
 The gravamen of King's complaint is that no evidence supports the CAB's finding of guilt, because the syringes were not presented as evidence at the disciplinary hearing.[1] This argument is without merit. First, the Conduct Report provides sufficient evidence for the CAB's decision in this case. See Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988). Further, King misapprehends the scope of the term "evidence." That the evidence against him was written and circumstantial rather than direct and physical does not make it any less "evidence." A prison disciplinary hearing, moreover, is not a criminal prosecution, and does not mandate the full range of protection accorded criminal defendants. Henderson, 13 F.3d at 1077.
 
 
 5
 The district court noted that the CAB's decision was supported by "some evidence," thereby meeting the minimum quantum of evidence which the Constitution requires for a prison disciplinary hearing. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). King, arguing that he has a statutorily created liberty interest in a higher standard of proof, has seized upon this comment to bolster his assertion that the CAB's decision was not supported by a preponderance of the evidence, as Indiana statute requires. Ind.Code Sec. 11-11-5-5(a). We disagree. That Indiana chose to require additional procedure "does not create an independent substantive right." Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983). Whatever the requirements of state law, the Constitution requires only "some evidence." Hill, 472 U.S. at 455. Accordingly, we have recognized that "some evidence" is sufficient for prison disciplinary hearings convened under Indiana law. Henderson, 13 F.3d at 1077.
 
 
 6
 Finally, King contends that the CAB failed to provide adequate reasons for its decision. Prisoners are entitled to a written statement of reasons for disciplinary action taken against them. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). It is true that on Mr. King's Disciplinary Hearing Report, the entry under the heading "Reason for sanctions imposed" ("serious report, past conduct") is insufficient for meaningful appellate review. Elsewhere on the same form, however, the CAB indicates that in addition to the Conduct Report, it weighed comments Mr. King and his lay advocate made at the hearing, and considered but rejected Mr. King's arguments that he lacked effective access to the box where the syringes were found, and the syringes must have been in the box before he was assigned to that cell. Because these comments are sufficient to enable a reviewing body to determine that discipline was not imposed "for an impermissible reason or for no reason at all," they satisfy Wolff's minimum due process requirements. Hayes v. Walker, 555 F.2d 625, 632 (7th Cir.) (internal quotation omitted), cert. denied, 434 U.S. 959 (1977); Culbert, 834 F.2d at 630-31. That the CAB expressed its rationale for finding Mr. King guilty under the formal heading of "Findings of fact and evidence relied upon" rather than "Reason for sanctions imposed" does not render the rationale insufficient.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Mr. King now insists that he has always denied the existence of the syringes, the Disciplinary Hearing Report strongly suggests that he initially argued only that someone else put the syringes in the box before he was assigned to the cell in question